NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| G.P.P. INC., D/B/A Guardian Innovative Solutions, | No. 18-15179 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00321-SKO |
| v. | |
| GUARDIAN PROTECTION PRODUCTS, INC.; RPM WOOD FINISHES GROUP INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted September 13, 2019
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Distributor G.P.P. Inc., d/b/a Guardian Innovative Solutions ("GIS"),

appeals the district court's (1) denial of GIS's motion for summary judgment as to

its claim that manufacturer Guardian Protection Products, Inc. ("Guardian")

wrongfully terminated three distribution agreements, (2) partial grant of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Guardian's motion for summary judgment as to Guardian's counterclaim for declaratory relief regarding electronic warranties (known as "EFPPs") with respect to three distribution agreements, and (3) grant of Guardian's motion for judgment as a matter of law as to Guardian's alleged breach of the purported agreement to pay a 5% commission (the "Bob's Commission") with respect to three distribution agreements.

(1)  The district court, in its order denying GIS's motion for summary judgment, erred in determining that the Florida, Alabama, and Tennessee Agreements require GIS to meet per-territory purchase quotas.  California law required the district court to consider the evidence offered by GIS to show the parties' course of performance with respect to the purchase quotas when interpreting the Agreements.  *See Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968); *see also* Cal. Com. Code § 1303(f); Cal. Civ. Proc. Code § 1856(c) (West).  The district court refused to consider this evidence and instead relied on language in the Florida Agreement (which was located in an addendum executed four months after the Agreement itself) that stated merely what the purchase quota would be, upon the addition of the remaining counties in Florida, for representing the *whole* State of Florida.  And, in interpreting the Alabama and Tennessee Agreements, the district court mistook GIS's *right* to represent Guardian in those States with an *obligation* to satisfy

2

purchase quotas specifically allocated to them.  In short, the contractual provisions cited by the district court do not impose a per-territory purchase requirement on GIS.  Because the written terms of the Agreements do not exclude an interpretation that the purchase quotas are calculated in the aggregate, the undisputed facts of the parties' course of performance is evidence of the parties' expressed intent as to what constitutes performance, and the district court should have interpreted the Agreements to require that GIS meet only aggregate purchase quotas.  *See Pac. Gas & Elec. Co.*, 69 Cal. 2d at 37–38.  Nonetheless, given that there was at least a triable issue on the amount of any damages suffered by GIS, the district court correctly denied GIS's motion for summary judgment.  Fed. R. Civ. P. 56(a); *see also Dep't of Indus. Relations v. UI Video Stores, Inc.*, 64 Cal. Rptr. 2d 457, 464 (Ct. App. 1997).  Still, the district court's denial of summary judgment should not have foreclosed GIS from proffering evidence and arguing at trial that the Agreements permit aggregate quotas.  Accordingly, we reverse and remand to the district court for trial on GIS's claim that Guardian breached the three Agreements.

(2)  The district court also erred in granting partial summary judgment to Guardian on its argument that EFPPs were not covered under the Florida, Mid-Atlantic, and Cook County Agreements.  The district court reasoned that EFPPs were not listed on any of the "Exhibit[s] which [were] attached [t]hereto" or on any "mutually agreed upon Addend[a] [t]hereto."  Neither party raised this language in

3

its briefing to support its motion for summary judgment because the exhibits attached to those Agreements are copies of Guardian's product list that was current at the time the Agreements were executed in 1988—before EFPPs were invented. As with the purchase quotas issue, California law required the district court to consider the evidence offered by GIS at summary judgment showing that the parties impliedly modified the Agreements to cover EFPPs. Because GIS should have the opportunity to present this evidence to a jury, we therefore reverse the district court's partial grant of summary judgment to Guardian on its EFPPs counterclaim and remand it for trial.

(3) The district court also erred in granting judgment as a matter of law to Guardian on Guardian's argument that the purported agreement to pay the Bob's Commission was not supported by consideration in the territories covered by the Florida, Mid-Atlantic, and Cook County Agreements. The district court made this determination on the same grounds it ruled on the EFPPs: that, because a product known as "Bob's Goof Proof" was not on the originally attached Exhibits to these Agreements or any Addenda, they did not provide GIS the exclusive right to sell it, and thus GIS's permission for Guardian to sell it to Bob's Discount Furniture Stores in these three territories could not constitute valid consideration. First, even if the district court were ultimately correct in determining that GIS did not have the exclusive right to sell Bob's Goof Proof under these Agreements, this would not

4

mean that the agreement to pay the Bob's Commission was not supported by consideration: Under California law, the relinquishment of a legal claim at the time an agreement is made is valid consideration for that agreement. *See, e.g.*, *In re Estate of Bennett*, 78 Cal. Rptr. 3d 435, 441–42 (Ct. App. 2008). Guardian conceded in the district court that the Bob's Commission was intended "to accommodate GIS's gripe." Second, the district court erred as a matter of law to the extent that it ruled on the validity of GIS's consideration on a per-territory basis. So long as GIS made a single valid promise not to assert its exclusivity rights, this would constitute valid consideration for a promise made by Guardian to pay the Bob's Commission. *See Martin v. World Sav. & Loan Ass'n*, 112 Cal. 2d 225, 229 (Ct. 2001). We therefore reverse the district court's grant of judgment as a matter of law to Guardian as to this issue and remand it for retrial.[1]

**REVERSED and REMANDED FOR TRIAL.**

---

[1] We deny as moot Guardian's motion to strike portions of GIS's opening brief and excerpts of record.

5